IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-mc-00032-MR-WCM

| | |
|---|---|
| In re Application of | ) |
| | ) |
| P.T.C. PRODUCTION & TRADING COMPANY, AG, | ) ORDER |
| | ) |
| Applicant. | ) |

This matter is before the Court on an Ex Parte Application for Order Authorizing Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 (the "Application," Doc. 1).

## I. Background

By the Application, P.T.C. Production & Trading Company AG ("PTC") requests an order allowing it to issue subpoenas to Aegis Power Systems, Inc. ("Aegis"), a company located in the Western District of North Carolina, and its personnel for discovery to be used in an arbitration before the International Chamber of Commerce ("ICC Arbitration").

## II. Legal Standards

28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted

> before formal accusation. The order may be made …upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court….To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The purpose of Section 1782 is "to provide federal-court assistance in the gathering of evidence for use in a foreign tribunal." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).

"[A] party may file–and a district court may grant–a Section 1782 application ex parte." In re Green Development Corp., No. WDQ-15-2985, 2015 WL 10319091, at *1 (D.Md. Oct. 1, 2015) (citing Chevron Corp. v. Shefftz, 754 F.Supp.2d 254 (2010); In re Anglin, No. 7:09cv5011, 2009 WL 4739481, at *1 (D. Neb. Dec. 4, 2009) (reviewing court may also order that a petitioner's application be served on respondent); see also In re Letters Rogatory from Tokyo Dist., 539 F.2d 1216, 1219 (9th Cir. 1976) (subpoenaed party may raise objections and exercise their due-process rights by moving to quash the subpoena); Gushlak v. Gushlak, 486 Fed.Appx. 215, 2012 WL 2549813, at *1 (2d Cir. 2012) (unpubl.) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil

Procedure 45(c)(3).").

In considering a Section 1782 application, the court considers first whether it has the statutory authority to grant the request and then whether it should exercise its discretion to do so. Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada, 384 F.Supp.2d 45, 49 (D.D.C.2005) (citing Intel Corp., 542 U.S. at 264).

III. Analysis

A. Statutory Requirements

The Application meets the statutory requirements of Section 1782. First, PTC seeks discovery from Aegis, a company located in Murphy, North Carolina – which is within this District. Doc. 5-1.

Second, the discovery is for use in the ICC Arbitration. See Servotronics, Inc. v. Boeing Co., 954 F.3d 209, 216 (4th Cir. 2020) (finding a private arbitral panel in the United Kingdom was a "foreign or international tribunal" under § 1782(a) where arbitration was the "product of government-conferred authority."); Abdul Latif Jameel Transp. Co. v. FedEx Corp., 939 F.3d 710, 714 (6th Cir. 2019) (Section 1782 permits discovery for use in a private commercial arbitration); but see Servotronics, Inc. v. Rolls-Royce PLC, 975 F.3d 689 (7th Cir. 2020) (Section 1782 does not provide authority to provide discovery assistance to a private foreign arbitration).

Finally, PTC is an "interested party" because it is a party to the ICC

Arbitration. See Intel Corp., 542 U.S. at 256 (a "litigant" is "included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782….").

### B. Discretionary Factors

"Section 1782 affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals." Al Fayed v. United States, 210 F.3d 421, 424 (4th Cir. 2000) (citing In re Esses, 101 F.3d 873, 876 (2d Cir. 1996)). In exercising this discretion, a court "should be guided by the statute's 'twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Id. (quoting In re Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992)).

The Supreme Court has identified the following discretionary factors: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the proposed discovery requests are "unduly intrusive

4

or burdensome." Intel, 542 U.S. at 264-265.

### 1. Aegis' Role in the ICC Arbitration

Aegis is not a participant in the ICC Arbitration. Accordingly, the first discretionary factor weighs in favor of granting the Application. Intel, 542 U.S. at 264 ("when the person from whom discovery is sought is a participant in the foreign proceeding…the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."); In re Petition of Newbrook Shipping Corp., Civ. No. JKB-20-150, 2020 WL 6451939, at *6 (D.Md. Nov. 3, 2020) ("Here, neither GMS nor Sharma is a party to the South African Action, which weighs in favor of granting judicial assistance.").

### 2. Nature of the Foreign Tribunal, Character of the Suit, and Receptivity of the Foreign Government

As to the second factor, "in the Fourth Circuit, courts 'have applied the general approach that, in the absence of a foreign court's clear rejection of the assistance, the § 1782 application should be granted.'" Newbrook, 2020 WL 6451939, at *6 (quoting In re Polymer Solutions Int'l, Inc., Civ. No. DKC-18-1864, 2019 WL 1239778, at *6 (D.Md. March 18, 2019)).

Here, PTC's counsel has submitted a declaration asserting that "[t]he general practice in international arbitration is to admit evidence freely. The parties' right to obtain and submit evidence obtained through the assistance of

a U.S. court in proceedings under 28 U.S.C. § 1782 is generally acknowledged in international arbitration." Doc. 3-2, ¶ 18. Counsel further attests that "[o]btaining such evidence pursuant to a petition under 28 U.S.C. § 1782, and submitting such evidence to the Sole Arbitrator, would not be contrary to any ICC rule on proof-gathering…." Doc. 3-2, ¶ 19. There is no indication that the ICC Arbitrator would reject the assistance of this Court, and therefore this factor also weighs in favor of granting the Application.

### 3. Circumvention of Foreign Proof-Gathering Restrictions

The third Intel factor weighs against approval of a Section 1782 application where the applicant uses the statute to attempt to circumvent foreign proof-gathering standards. Intel, 542 U.S. at 264–65. "This factor entails neither a discoverability requirement nor a quasi-exhaustion requirement...that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court." Newbrook, 2020 WL 6451939, at *6 (citations and internal quotations omitted).

Here, there is no indication that PTC seeks to circumvent the ICC Arbitration's proof-gathering rules, and therefore this factor also weighs in favor of granting the Application. See id. at *7 ("although Applicants have not, to the Court's knowledge, sought evidence from the Discovery Targets in the

South African Action, there is no indication that Applicants petition this Court to supplant South African proof-gathering rules. Accordingly, this factor favors granting judicial assistance.").

### 4. Nature of the Requested Discovery

Finally, with respect to the fourth discretionary factor, the undersigned considers whether PTC's requests are unduly intrusive or burdensome. Intel, 542 U.S. at 265. "'Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information.'" Newbrook, 2020 WL 6451939, at *7 (quoting In re Ex Parte Application of Qualcomm Inc., 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016)).

Here, PTC seeks permission to serve a subpoena duces tecum upon Aegis for the production of six categories of documents (Doc. 3-1), and also to subpoena Arlissa Vaughn and Jeff Martin to appear for depositions. Docs. 5-3 & 5-4.[1] These requests do not appear to be problematic on their face. Further, Aegis may challenge the discovery sought pursuant to the Rules of Civil Procedure, if necessary.

---

[1] Corporate filings submitted by PTC indicate that Mr. Martin is the president of Aegis and Ms. Vaughn is the Chairman of Aegis. Doc. 5-1.

7

**IT IS THEREFORE ORDERED** that:

1. The Ex Parte Application for Order Authorizing Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 (Doc. 1) is **GRANTED**, and P.T.C. Production & Trading Company, AG ("PTC") is **GIVEN LEAVE** to serve its proposed document and deposition subpoenas (in substantially the form as Exhibits B, C, & D to the Declaration of Adam B. Abelson), subject to inserting the specific date, place, and other logistical details, for discovery to be used in an arbitration before the International Chamber of Commerce.

2. If Aegis or the individual deponents seek to contest the discovery sought, they must, prior to engaging in motions practice, confer with PTC. The parties shall, in good faith, attempt to resolve any such disputes without the necessity of court intervention.

3. PTC shall serve Aegis and the deponents with copies the redacted Application and this Order contemporaneous with service of the subpoenas.

Signed: December 10, 2020

W. Carleton Metcalf
United States Magistrate Judge