IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-mc-00032-MR-WCM

| | | |
|---|---|---|
| In re Application of | ) | |
| | ) | |
| P.T.C. PRODUCTION & TRADING COMPANY, AG, | ) ) | ORDER |
| | ) | |
| Applicant. | ) ) | |

This matter is before the Court on a Motion to Seal (Doc. 2) filed by P.T.C. Production & Trading Company, AG ("PTC").

## I.  Background

On November 19, 2020, PTC filed an Ex Parte Application for Order Authorizing Discovery for Use in Foreign Proceedings Under 28 U.S.C. § 1782 (the "Application") requesting an order allowing it to issue subpoenas to Aegis Power Systems, Inc. ("Aegis") and its personnel for discovery to be used in an arbitration pending before the International Chamber of Commerce (the "ICC Arbitration").

That same day, PTC also filed the instant Motion to Seal, seeking to file certain exhibits supporting PTC's Application under seal.  Specifically, PTC seeks to seal various exhibits attached to the Declaration of Dr. Michael Feit and the Declaration of Adam B. Abelson.  PTC also seeks leave to submit public versions of the Application and Dr. Feit's Declaration which redact "quotations

and summaries" of the documents to be sealed. Doc. 2, p. 3.

## II. Applicable Standards

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, *inter alia*, : (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

## III. Analysis

Having reviewed that Motion to Seal and after consideration of the requirements of LCvR 6.1, the undersigned will grant the Motion to Seal in part.

As to the Motion to Seal generally, the undersigned notes that the Motion has been pending since November 19, 2020, and therefore the public has had an opportunity to object to the requested sealing.

### A. Exhibits 1 and 3 through 13 to the Feit Declaration.

These exhibits are documents created in or for the ICC Arbitration. PTC asserts that they "were prepared specifically for the purpose of the Arbitration" and that sealing is appropriate because the ICC Arbitration itself is a confidential proceeding. See Doc. 2, pp. 1-2 ("Swiss arbitral proceedings are traditionally regarded as a private matter between the parties to the arbitration and, as a result, third parties and the public have no right of access to information from the proceedings."). PTC does not provide any specific case law supporting this assertion of confidentiality. However, information provided regarding the terms of this particular ICC Arbitration does indicate that the parties and the arbitrator are to keep the proceedings confidential. Additionally, the undersigned notes that in an apparently related proceeding, In re Application of PTC Production & Trading Company AG, Case No. 4:20-mc-80201, United States District Court, Northern District of California, San Francisco/Oakland Division, the court allowed these documents to be sealed. No. 4:20-mc-80201, Doc. 9. Finally, the undersigned's review of these documents indicates that they include discussion of PTC's products and financial information.

Under these circumstances, the Motion to Seal will be granted with respect to these exhibits.

### B. Exhibit 2 to the Feit Declaration.

This exhibit is the contract at issue in the ICC Arbitration. PTC avers that sealing is necessary "because the Agreement contains confidential and proprietary commercial information related to PTC's services and products…," and because the contract includes a confidentiality provision. Doc. 2, pp. 2-3. Confidential financial and business information may be appropriately sealed. See Jones v. Lowe's Companies, Inc., 402 F.Supp.3d 266, 291-292 (W.D.N.C. 2019) (keeping portions of deposition testimony under seal which discussed corporate business strategies and financial data) (citing Guessford v. Pennsylvania Nat'l Mut. Cas. Ins. Co., No. 1:12CV260, 2014 WL 12594127, at *6 (M.D.N.C. Sept. 30, 2014) (sealing performance evaluations of non-party employees of defendant); SMD Software, Inc. v. EMove, Inc., No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining seal on "confidential financial and business information which, if made public, could harm the parties' business interests"); see also Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-cv-275, 2008 WL 4933967, at *2 (E.D.N.C. Nov. 14, 2008) (granting motions to seal where parties demonstrated "that the documents and the transcript in question contain confidential and proprietary commercial information, including trade secrets and other information relating to the

4

parties' networks and software, information which is of utmost importance to the parties but not generally available to the public.").

Considering the nature of this document, the undersigned agrees that the public's right of access to such information is substantially outweighed by PTC's interest in protecting the information, and that sealing is necessary.

### C. Exhibits 17 through 27 to the Feit Declaration.

PTC describes these documents as being "correspondence that third parties may view as confidential." Doc. 2, p. 3. PTC requests that they be sealed "out of an abundance of caution." Id.

A review of this information indicates that these documents do contain correspondence. See e.g., Exhibit 18 (email traffic). However, other types of documents also appear in this group. For example, Exhibit 19 appears to be a document filed with the California Secretary of State's office, while Exhibits 20, 21, and 22 appear to be marketing presentations.

PTC's conclusory statement that these documents "may" be considered confidential by "third parties" does not establish the need for sealing as required by LCvR 6.1.

However, because there is some indication that certain of these documents could contain confidential information, the undersigned will deny PTC's request to seal these documents without prejudice and will allow these documents to remain under seal on the Court's docket for an additional period

5

of time. If PTC has not filed a renewed motion to seal these documents by the end of this period, these documents will be unsealed.

### D. Exhibit B to the Declaration of Adam B. Abelson.

This Exhibit is the subpoena for documents that PTC seeks to serve on Aegis. PTC asserts that Schedule A of the subpoena, which lists requested documents, "extensively refers to information that is confidential for one or more of the reasons stated above." Doc. 2, p. 3.

Having reviewed the Exhibit and without additional information, the undersigned is not persuaded that sealing is necessary. However, the undersigned will likewise allow this document to remain under seal on the Court's docket for an additional period.

**IT IS THEREFORE ORDERED** that the Motion to Seal (Doc. 2) is **GRANTED IN PART** as follows:

1. The Motion to Seal is **GRANTED** with respect to the following items which shall be placed under seal until further Order of the Court:

    a. Exhibits 1 and 3 through 13 of the Feit Declaration (Docs. 3-3 and 3-5 through 3-15); and

    b. Exhibit 2 of the Feit Declaration (Doc. 3-4).

2. The Motion to Seal is **DENIED WITHOUT PREJUDICE** with respect to the following items:

    a. Exhibits 17 through 27 of the Feit Declaration (Docs. 3-16 through 3-26); and

    b. Exhibit B of the Declaration of Adam B. Abelson (Doc. 3-1).

    c. These documents will remain under seal on the Court's docket until **December 21, 2020**. If PTC has not filed a renewed motion to seal these documents by the end of this period, the documents will be unsealed.

3. To the extent PTC's redactions of its public filings are consistent with this Order, such redactions are **ALLOWED**.

Signed: December 10, 2020

W. Carleton Metcalf
United States Magistrate Judge